## PABST BREWING CO. v. E. CLEMENS HORST CO.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920. Rehearing Denied July 6, 1920.)

### No. 3427.

1. **Appeal and error ☞209 (1)—Sufficiency of evidence not reviewable, without request for finding or motion raising question of sufficiency.**

   The sufficiency of the evidence to support the trial court's findings is not open to review in the Circuit Court of Appeals, where there was no request for a contrary finding, and no motion or request presenting to the trial court the question of law whether there was substantial evidence to sustain the findings.

2. **Appeal and error ☞882 (9)—Defendant not entitled to reversal for erroneous testimony, brought out by him on cross-examination.**

   A judgment for plaintiff will not be reversed for the admission of erroneous testimony, brought out by defendant on cross-examination of plaintiff's witnesses.

3. **Appeal and error ☞1213—On second trial, objections to incompetent evidence, the ground of the reversal of first judgment may be waived.**

   Though a judgment was reversed because of the admission of evidence of particular sales on the question of market value, counsel could, on a retrial of the case, waive objections to the competency of such evidence.

4. **Appeal and error ☞995—Weight of expert evidence a matter for the trial court.**

   The weight to be attached to the opinions of experts as to market value was a matter for the trial court.

5. **Sales ☞181 (11)—Evidence held to support finding of ability and willingness of seller to comply with contract.**

   In an action for breach of a contract to purchase hops, evidence *held* to support a finding that plaintiff, the seller, was able, ready, and willing to deliver the quantity of hops contracted for.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Appeal and error ☞1011(1)—Conflicts and contradictions in the evidence are for the trial court.**

Conflicts or contradictions in the evidence are subjects for consideration by the trial court, and its findings will not be set aside because thereof.

**7. Appeal and error ☞1050(1)—Question not prejudicial, when followed by another not containing the objectionable limitation.**

In an action for breach of a contract to purchase hops, a question asked a witness as to what would be a reasonable time to dispose of 2,000 bales of hops in Milwaukee at the market price was not prejudicial, because limited to Milwaukee, where the court asked the witness what his answer would be if the question applied to all Eastern markets, instead of Milwaukee alone, and he answered that the market was lifeless and declining, and it would not be easy to sell in any Eastern market.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action by the E. Clemens Horst Company against the Pabst Brewing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Heller, Powers & Ehrman, of San Francisco, Cal., and Henry W. Stark and James D. Shaw, both of Milwaukee, Wis., for plaintiff in error.

W. H. Carlin, of Marysville, Cal., Maurice E. Harrison, of San Francisco, Cal., and Devlin & Devlin, of Sacramento, Cal., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Action in damages by the Horst Company against Pabst Brewing Company for the alleged breach of contract for the sale of two thousand bales of hops. A more complete statement of the case will be found in Pabst Brewing Co. v. Horst Co., 229 Fed. 913, 144 C. C. A. 195, where for errors in ruling upon the evidence this court reversed a judgment entered in the District Court in favor of the Horst Company. Upon a new trial before the court, findings of fact were made in favor of the Horst Company. The findings were, substantially, that the Horst Company agreed to sell to the Pabst Company, and the Pabst Company agreed to buy, 2,000 bales of choice air-dried Cosumnes hops of the 1912 year crop for 20 cents per pound, plus freight to Chicago, which freight was 2 cents a pound; that the Horst Company tendered the hops; that the Pabst Company rejected them, and on November 4, 1912, notified the Horst Company in writing that it canceled and repudiated the contract; that the hops tendered were of the kind contracted for; that the Horst Company was ready, able, and willing to deliver the quantity of hops of the quality specified in accordance with the terms of the contract; that the total amount of hops contracted for was 370,000 pounds; that there was a market value at Milwaukee on November 4, 1912; and that the difference between the contract price and the market price of the hops at Milwaukee on No-

vember 4, 1912, or the time that the Pabst Company refused to accept the hops, was 6 cents per pound. Upon such facts the court awarded judgment against the Pabst Company. The Pabst Company brought writ of error.

[1-4] The principal errors relied upon pertain to the insufficiency of the evidence to support the findings of the District Court. The record fails to show that any request was made by the Pabst Company for findings, and at no time during the trial, or at the close thereof, did counsel for the plaintiff in error ask the District Court to adjudge that the evidence was insufficient to support any finding. The record also fails to show that the court ruled upon any such points, or that an exception was taken by the plaintiff in error to any ruling upon the omission of the court to make findings at the request of the plaintiff in error. In Dangberg Land & Live Stock Co. v. Day, 247 Fed. 477, 159 C. C. A. 531, where a jury trial was waived and special findings of fact were made in favor of the defendants, and where at the close of the testimony plaintiff in error made no request for a finding in its favor on the issues, and made no motion or request presenting to the trial court the question of law whether there was substantial evidence to sustain findings for the defendant, this court held that the sufficiency of the evidence to support the findings was not open to review in the Court of Appeals. Such is the general rule of decision. Wear v. Imperial Window Glass Co., 224 Fed. 63, 139 C. C. A. 622; United States Fidelity & Guaranty Co. v. Board of Commissioners, 145 Fed. 151, 76 C. C. A. 114; Security National Bank v. Old National Bank, 241 Fed. 6, 154 C. C. A. 1; National Surety Co. v. Globe Co., 256 Fed. 601, 167 C. C. A. 631, 4 L. R. A. 552; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457. And it becomes our duty to apply it, unless the plaintiff in error is right in its contention that it is not asking this court to weigh the evidence, or merely to consider its probative force, but to reverse because the trial court based its findings of fact as to the market value and as to the Horst Company's ability to deliver upon wholly incompetent evidence, which this court in its previous decision held should have been excluded upon the trial.

We think that the record refutes the position of the plaintiff in error, for it discloses that several witnesses testified that the market value of choice Cosumnes hops in Milwaukee in November, 1912, was from 12 cents per pound to 14, or 15½ to 16 cents per pound, and that actual sales were made in November, 1912, at prices which were the same at the points where the sales were made as at Milwaukee, at a range between 14½ cents per pound to 18 cents. There was also evidence that Oregon hops are as good as the Cosumnes hops, and that Oregon hops sold for a greater price than the Cosumnes hops, and that in November, 1912, the price of choice Oregon hops was from 10 to 12 cents per pound.

It is urged that it was error to admit testimony of sales at certain prices as evidence of market value; but the testimony upon this point was brought out upon cross-examination of the witnesses for the plaintiff below. For example, a witness who testified as to the

market price of hops in Milwaukee in November, 1912, was asked on cross-examination concerning particular sales, and without objection testified to such sales, giving specific prices in various Eastern cities at which hops were selling at the time—August to November, 1912—referred to in the interrogatories. Surely upon a retrial of the case counsel could waive objections to the competency of such evidence, notwithstanding the fact that objections which had been interposed to similar evidence upon the first trial were held to be sufficient ground for a reversal. Several witnesses, who were thoroughly familiar with the manner of sales of hops and the value of them, testified to the prices which prevailed in 1912 in California and at other places. Much of such testimony was introduced without objection; the case having been tried apparently upon the assumption that competent evidence by way of opinions of experts was proper. Of course, the weight to be attached to such evidence was a matter for the trial court. National Surety Company v. Globe Co., supra.

[5, 6] Plaintiff in error must also fail in his attack upon the finding that the defendant in error was able, ready, and willing to deliver. By the terms of the contract 2,000 bales of hops of the 1912 harvest were to be delivered. The superintendent in charge of growing hops for the Horst Company testified that in 1912 there were 4,300 bales of clean-picked hops, and 200 bales which were not picked cleanly, or 4,500 bales in all. There was evidence to the effect that Horst Company was able to deliver 2,000 bales for the purpose of fulfilling the contract; that samples of choice air-dried Cosumnes hops had been sent from the bales; that on November 4, 1912, the Horst Company had on hand and was able to deliver 2,000 bales of strictly choice Cosumnes hops to the Pabst Company. It is true that some 1,500 bales of the hops were on the Pacific Coast, 400 bales were in Milwaukee, 600 bales in New York, and 500 to 600 bales in transit.

It is argued that the bales in transit and the bales in warehouses in Eastern cities had been sold; but Horst, the principal witness for the defendant in error, testified that these bales were not sold, but had been forwarded to be applied on prior contracts of sales of Pacific Coast hops, and that they were not sold until after November 4, 1912, when the contract here involved was repudiated. There was correspondence between parties before November 4, which shows that the Horst Company was willing to hold the hops on the Pacific Coast if the Pabst Company would accept deliveries, but that, if it would not accept deliveries, the Horst Company wished to ship part of the hops to Eastern cities, there to be sold. Between September 27, 1912, and November 4, 1912, certain quantities of hops were sent to Eastern cities; but it appears that they remained in the control of the defendant in error, and the testimony shows that it had over 3,000 bales on hand from which to satisfy the contract with the plaintiff in error. Whatever conflicts or contradictions there were in the evidence became subjects for resolution by the trial court, and its findings are not to be set aside.

[7] There are some assignments of error based upon the rulings

upon the evidence. Among them is one that the court erred in overruling the objection to a witness who was asked the following question:

"If you had a quantity of 2,000 bales of hops to sell in the East, in Milwaukee, what would be a reasonable time to dispose of those hops at the market price? Could you expect to sell 2,000 bales of choice Cosumnes hops at Milwaukee at the price then prevailing in 30 days?"

The point urged is that, by confining the question to Milwaukee, it was particularly objectionable. The court, however, asked the witness what his answer to the question would be if the question were limited to the markets of the Eastern cities, instead of to Milwaukee alone. The witness answered that the market at the time in question was a lifeless one, declining, and that it would not be easy to sell in any Eastern market. We cannot discover any possible prejudice to the rights of plaintiff in error.

The other assignments are of less importance, and in our opinion fail to furnish any substantial ground for reversing the judgment.

Affirmed.