## NAVAJO COUNTY v. MESMER.

(Circuit Court of Appeals, Ninth Circuit. April 6, 1925. Rehearing Denied May 11, 1925.)

No. 4412.

1. **Appeal and error ⬅850(2)—Sufficiency of pleadings only question for review, where case was tried to court without request for special findings, or motion for judgment for insufficiency of evidence.**

Where court had jurisdiction of subject-matter and of parties, and case was tried to court pursuant to oral stipulation waiving jury, and there was neither request for special findings before the close of the trial, nor motion for judgment on ground that there was no substantial evidence to sustain judgment for plaintiff, the only question open to review on writ of error is the sufficiency of the pleadings to sustain the judgment.

2. **Trial ⬅404(4)—General finding for plaintiff conclusive of issues of fact.**

In bridge contractor's action against county for extra material and work, general finding of court for plaintiff is conclusive as to compliance with Civ. Code Ariz. 1913, pars. 2434, 2435, 2438, 2439, as to itemizing and dates, specifications of demand, and account presented.

3. **Bridges ⬅20(6)—Bridge contractor's complaint against county for extra material and work held sufficient.**

In bridge contractor's action against county for extra material and work, complaint *held* sufficient as against objection that it did not appear that claims were itemized and verified as required by Civ. Code Ariz. 1913, pars. 2434, 2435.

4. **Bridges ⬅20(6)—Bridge contractor's complaint held not to show action barred by limitations.**

In bridge contractor's action against county for extra material and work, complaint *held* sufficient as against objection that it appeared therefrom that action was barred, because not brought within six months after final action of board, as required by Civ. Code Ariz. 1913, par. 2439.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Louis F. Mesmer, an individual doing business under the firm name and style of Mesmer & Rice, against Navajo County. Judgment for plaintiff, and defendant brings error. Affirmed.

Action to recover for extra material and work under a bridge construction contract made September 5, 1916, between Mesmer and Navajo county, Ariz. It is alleged that before the contract was made Mesmer submitted a proposal containing the following provision: "If after construction has started it becomes apparent that additional quantities are required, we hereby propose to furnish," etc. Then follows a list of specific prices for additional structural steel and other material and labor. The complaint alleged that the contract was made for $23,800, and that in addition to that sum it was provided that the extra substructure of the bridge was to be paid for "as per addenda for extras upon the proposal accepted," and that "in the event of any changes being made by the party of the first part, or any extras required by the party of the first part, such charges for extras shall be made or furnished at prices designated in proposals hereto attached and made a part hereof."

Plaintiff alleged that, before commencing construction, he was advised that $15,000 of an amount appropriated by the Indian Bureau of the United States government would be available, provided certain changes were made in the specifications theretofore submitted by plaintiff; that the requirements of the Indian Service were not known at that time to the plaintiff or to the defendant, and that it was then agreed between Mesmer and the board of supervisors that the changes in the construction and specifications which might be required in order to fulfill the requirements of the Indian Bureau should be paid for as extras at the rates and prices provided for in the addenda both to the specifications and the contract; that from time to time, and up to the time of the completion of the bridge, certain changes, which are described, were made by the county engineer, with the knowledge and approval of the board of supervisors. Plaintiff alleges that he built the bridge in accordance with the agreement at an expense to him of $13,974 over and above the original contract price, that sum representing necessary expenditures (which are set forth) by reason of changes directed by the county; that the superstructure and approaches (described in the complaint) were made to comply with the requirements of the Indian Bureau and to make available the $15,000 appropriation by the United States; that on November 5, 1917, at a regular meeting of the board of supervisors, he presented a statement of the

amount of his claim under the contract, showing the gross amount of $30,400, being 80 per cent. of the total amount due, without deducting amounts theretofore paid; that after payments of $12,624 made prior to November 5th there was a balance due of $17,776, exclusive of 20 per cent. withheld; that on November 5, 1917, the county allowed and paid him $4,976, and thereafter on December 3, 1917, the further sum of $6,204, leaving a balance on that date of $6,495.38, and in addition thereto $7,600 to be paid upon completion and acceptance of the bridge; that approval and acceptance were made on December 3, 1917; that at a meeting of the board of supervisors held on that day plaintiff requested payment of his demand of November 5th; that the board agreed to pay $6,204, including therein only certain items at the prices as per addenda for extras as set forth in the contract, and declined to make further payments; that plaintiff accepted said sum under protest, and with the reservation of his right to sue for the balance of $14,195 due him under the contract. No demurrer to the amended complaint was filed.

The county pleaded that Mesmer's claims were barred by the limitations of paragraph 2439 of the Revised Statutes of Arizona (Civ. Code 1913), for the reason that the claims were presented and rejected on November 5, 1917, more than six months before this action was filed. It denied that the contract was made subject to approval by the agents of the Indian Bureau of the United States; denied that when the contract was made there was any uncertainty as to what would be required of the contractor, or that the county directed any changes or departures from the original contract as imposing any extra expense upon plaintiff, or that the contractor is entitled to any bonus or excess over and above the contract price of $23,800; denied that on November 5th any itemized claim was presented; alleged that on December 3, 1917, Mesmer presented a duly verified claim for $6,204, "balance due to complete the amount of $23,800, on contract of bridge, together with extras" listed in the demand, and that on that date the county issued its warrant for the payment of $6,402.62, in full, and that the warrant was accepted by Mesmer as full and complete settlement for the construction of the bridge pursuant to contract, including demands of every kind, and that the contractor has been fully paid. Judgment was awarded to plaintiff for $13,872.65, with costs.

Thorwald Larson, Co. Atty., of Holbrook, Ariz., and E. S. Clark and Neil C. Clark, both of Phœnix, Ariz., for plaintiff in error.

George J. Stoneman, of Los Angeles, Cal., for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Upon a stipulation which waived a jury, but which was not in writing, the case was tried to the court. There was neither a request for special findings before the close of the trial, nor a motion for judgment upon the ground that there was no substantial evidence to sustain a judgment in favor of plaintiff. Therefore, as the court had jurisdiction of the subject-matter and of the parties, there is no question open to review, other than the sufficiency of the pleadings to sustain the judgment. Law v. United States, 45 S. Ct. 175, 69 L. Ed. —— (Jan. 5, 1925); Emerzian v. Kornblum et al. (C. C. A.) 3 F.(2d) 995 (Feb. 16, 1925).

Counsel representing the county argue that the complaint fails to state a cause of action, in that it does not appear that claims for extras were itemized and verified as required by paragraphs 2434 and 2435, Statutes of Arizona (Civ. Code 1913), and that it appears that the action is barred by paragraph 2439 of the Statutes. By paragraph 2434 it is provided that every person having a claim against any county, except as referred to in the section, shall, within six months after the last item of the account approved, present a demand therefor in writing to the board of supervisors, verified by affidavit of himself or his agent, stating minutely what the claim is for, and specifying each several item and the date and amount thereof, provided the board must not hear or consider any claim in favor of an individual against the county, unless an account, properly made out, giving all items of the claim verified, is presented to the board within six months after the last item of the account is approved. Paragraph 2435 provides that no account shall be passed upon by the board unless made out as described in the preceding section, and filed at least one day prior to the session at which it is asked to be heard. Accounts so filed must be considered and passed upon at the next regular session after the same are presented, unless for good cause the board postpones the matter. Paragraph 2438 provides that, when the board finds that a claim presented is not proper, it must be rejected, or if it be

proper, but too great, the board may allow the claim in part and pay a portion thereof, upon the claimant filing his receipt in full for his account; but, if the claimant is unwilling to receive such amount as full payment, the claim may again be presented at the next succeeding meeting of the board, but not afterwards. By paragraph 2439, it is provided that "a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after final action of the Board, but not afterward. * * * A claimant dissatisfied with the amount allowed him on his account may accept the amount allowed, and sue for the balance of his claim, and such suit shall not be barred by the acceptance of the amount allowed."

[2] But, as the general finding is conclusive of the issues of fact against the plaintiff in error, it is established that the statement and claims were considered by the board, not only at the November meeting, when the board made a payment under the contract, but again when the board made a payment under the contract at a meeting on December 3, 1917, and that at the December meeting the bridge was accepted and further payments were finally refused. The first complaint was filed on May 31, 1918, and therefore the action was brought within six months after final action by the board. With respect to the itemizing and dates and specification of the demand and account presented, the plaintiff in error is concluded by the general finding of the Court. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57.

[3, 4] The complaint being sufficient to support the judgment, we must affirm.

Judgment affirmed.