### JENKINS v. BOYD.

### In re McCOLLUM–CHRISTY LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1925.)

No. 4530.

**1. Fixtures ⟺35(2)—Question whether seller of timber claiming mill as fixture had made prior claim thereto held relevant on question of intent.**

In action by trustee in bankruptcy of purchaser of timber against seller for conversion of sawmill, which purchaser had placed on land and which seller claimed as fixture, it was proper, on question of intent, to permit question as to whether seller had at any time claimed mill.

**2. Trial ⟺105(4)—Books of bankrupt held properly admitted on question of value of converted property.**

In action by trustee in bankruptcy of purchaser of timber against seller for conversion of mill claimed as fixture, books of bankrupt, showing cost of machinery and equipment in mill, were material on question of value, when not objected to as incompetent.

**3. Appeal and error ⟺499(3)—Alleged error in overruling objection to testimony not reviewable, in absence of mention of such objection in bill of exceptions.**

Alleged error in overruling objection to receipt of testimony is not reviewable, in absence of mention of such objection in bill of exceptions.

**4. Appeal and error ⟺850(2)—Alleged errors in conclusions drawn by trial court from evidence held not reviewable.**

Alleged errors in conclusions drawn by trial court from evidence are not reviewable, in absence of any motion for judgment in favor of plaintiff in error, or any request for special findings, or any proceeding to test sufficiency of evidence.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Action by J. O. Boyd, as trustee in bankruptcy of the McCollum-Christy Lumber Company, against Rees T. Jenkins. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action brought by defendant in error to recover damages for the conversion of certain assets of the bankrupt corporation. The case was tried by the court without the intervention of a jury. Defendant in error recovered judgment, and a writ of error is prosecuted.

N. J. Barry, of Reno, Nev., and Daly B. Robnett, of San Francisco, Cal., for plaintiff in error.

Clarence A. Shuey, John W. Preston, and Milton Newmark, all of San Francisco, Cal., for defendant in error.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. On the 19th of May, 1920, plaintiff in error entered into an executory contract for the sale of the timber on a tract of land in Plumas county, Cal. W. E. Seehorn, the vendee, assigned the contract to McCollum-Christy Lumber Company, which constructed a mill upon the property. The installments of the purchase price were not paid as called for by the contract, and plaintiff in error undertook to forfeit the rights of the vendee thereunder. Thereafter plaintiff in error sold the mill and machinery appurtenant thereto to B. C. Soule. McCollum-Christy Lumber Company was adjudged a bankrupt, and its trustee brought this action, claiming that the mill and machinery were a part of the bankrupt estate, and that their sale by plaintiff in error was a conversion.

[1] Error is assigned on the overruling of plaintiff in error's objection to the following question asked the witness W. E. Seehorn: "In any conversation he [Jenkins] ever had with you, at any time, did he claim the mill —I mean prior to this judgment?" It was

the contention of plaintiff in error that the mill became a fixture when it was constructed, and that ownership of the mill vested in him as owner of the fee. The intention of the parties is a circumstance of importance under the law of fixtures, and the claim or lack of claim by plaintiff in error to this mill was material in determining the issues in the court below. The witness Seehorn was vice president and manager of the bankrupt corporation, and any claim to the mill asserted by plaintiff in error would naturally be made to Seehorn. There was no error in receiving this testimony.

[2] Error is also predicated on the reception in evidence of the books of the bankrupt for the purpose of showing the cost to the bankrupt of machinery and equipment with the conversion of which plaintiff in error was charged. This testimony was objected to as immaterial, not as incompetent. It was a part of defendant in error's case to prove the value of the property alleged to have been converted. The cost was some evidence of value, especially as the mill was in operation only a short time, and the dates of purchase were not remote from the date of the alleged conversion.

Error is also assigned on the order of the District Court permitting an amendment of the complaint, but this was a discretionary matter. The amendment permitted was within the power of the court.

[3] The second and fourth assignments of error are based on the overruling of objections of plaintiff in error to the reception of testimony. The bill of exceptions contains no mention of these objections.

[4] The other errors relied upon all relate to the conclusions drawn by the District Court from the evidence. There was no motion made for judgment in favor of plaintiff in error, nor was there any request for special findings. The record contains no proceeding of any kind taken in the District Court to test the sufficiency of the evidence of the prevailing party. The conclusions of the District Court are deducible only from the opinion; no findings were entered.

In this condition of the record we cannot review the sufficiency of the evidence to justify the conclusions announced. U. S. Fidelity Co. v. Board of Commissioners, 145 F. 144, 151, 76 C. C. A. 114; Wear v. Imperial Window Glass Co., 224 F. 60, 63, 139 C. C. A. 622; Security Bank v. Old National Bank, 241 F. 1, 6; Dangberg Co. v. Day, 247 F. 477, 159 C. C. A. 531; Pabst Brewing Co. v. E. Clemens Horst Co. (C. C. A.) 264 F. 909, 911; Pauchet v. Bujac (C. C.

A.) 281 F. 962, 965, 966; Ewert v. Thompson (C. C. A.) 281 F. 449, 450; Geiger v. Tramp (C. C. A.) 291 F. 353, 356–358; Blumenfeld v. Mogi (C. C. A.) 295 F. 123, 124, 125; Rajotte-Winters, Inc., v. Whitney Co. (C. C. A.) 2 F.(2d) 801. The latest expression of this court on the subject is the opinion of Judge Hunt passed April 6, 1925, in Navajo Co. v. Mesmer, 4 F.(2d) 821.

The judgment is affirmed.