**MITTRY BROS. CONST. CO. et al. v. UNITED STATES, for Use of BELMONT et al.**

**SAME v. UNITED STATES ex rel. KRENGEL et al.**

No. 7309.

Circuit Court of Appeals, Ninth Circuit.
Dec. 21, 1934.

Orr Chapman and Marshall Chapman, both of Twin Falls, Idaho, for appellants.

H. A. Baker and H. B. Redford, both of Rupert, Idaho, for appellees Belmont and others.

Ray D. Agee, of Twin Falls, Idaho, for appellees Krengel and others.

Before WILBUR and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, Mittry Brothers Construction Company, entered into two construction contracts with the United States of America, one on or about May 27, 1929, and the other on or about October 1, 1929, for the construction of what is known as Specifications 489 and 498, on the main canal of the Gravity Extension Division of the Minidoka Project in Idaho. The appellant Fidelity & Deposit Company of Maryland is the surety in both contracts upon the contractor's bond required by law, and furnished by Mittry Brothers Construction Company.

In connection with the performance of a portion of the work included within this contract, Mittry Brothers Construction Company entered into certain subcontracts with one William Harkins, to whom it made payment of all sums becoming due under such subcontracts. Harkins, however, failed to pay certain of his labor claims, supply and material bills, resulting in the institution of two suits upon the bond aforesaid, which two suits were consolidated for trial, and were designated and known in the trial court as case No. 1690 and case No. 1722, respectively. Case No. 1690 involves work under one of these subcontracts dated July 1, 1930, the action being commenced by the United States on behalf of certain claimants to recover sums alleged to be due them for labor, supplies, etc. This case was consolidated for trial with case No. 1722, which involved work under another subcontract, and which was instituted for the recovery of similar claims. The defendants in both cases were the same, except that in case No. 1722 William Harkins was joined as a party defendant.

Trial by jury was waived in open court. Separate judgments were rendered in each of said cases from which judgments separate appeals have been taken, and we shall proceed to review these appeals in their respective order.

Considering first case No. 1690, in which Harkins was not a party, we find that it includes twenty-six separate claims, one in the complaint itself, and twenty-five causes of action contained in the complaint in intervention, which, for the purpose of this action, were assigned to the intervener. Except as to two claimants who received nothing, the trial court found in favor of the plaintiff and plaintiff in intervention, in some instances for the full amounts claimed, and in others for sums less than the amounts claimed. From the consequent judgment this appeal has been prosecuted.

In their brief the appellants assign thirty-nine different specifications of error. Approximately half of this number (Specifications I to XX, inc.) concern questions of fact, or involve the sufficiency of the evidence to support the judgment rendered, the substance of appellants' argument being that the decision of the trial court is against the weight of the evidence. At this point it is to be noted that the findings of the trial court were general and not special, and under such circumstances, as we shall see, no question of fact is before this court for review. Moreover, the record reveals that no question of the sufficiency of appellee's pleadings was raised in the trial court, and that there was neither motion for nonsuit, nor motion for judgment on the ground that the evidence adduced was insufficient to warrant recovery by the appellees, plaintiffs below. Under these circumstances, the questions presented by these specifications of error to which we have referred are not properly before this court. These questions were all submitted to and determined by the trial court as questions of fact, and questions of fact they still remain. Neither are we at liberty to entertain matters relating to the sufficiency of the evidence, the trial court not having been requested to determine as a question of law the sufficiency of the evidence to warrant the judgment entered.

The rule which concerns us here stated generally is that when a case is tried by the court, upon waiver of jury, a general finding of fact is conclusive as to all matters of fact; that while, when the finding is special, the inquiry may extend to the sufficiency of the facts so found to support the judgment, the sufficiency of the evidence to support the findings or judgment can be reviewed only when that question has been properly presented to the trial court as a question of law, ruling obtained and exception taken and preserved.

The following language is noted in 4 C. J. 654, § 2546: " * * * If the finding is general, the only matters reviewable are the sufficiency of the complaint and the rulings of the court in the progress of the trial properly presented by exceptions; and the rulings of the court in the progress of the trial do not include the general findings of the court nor the conclusions embodied

therein. If the finding is general, the sufficiency of the facts found to support the judgment cannot be reviewed. * * *"

Rev. Stat. § 649, as amended by the Act of May 29, 1930 (28 USCA § 773), and Rev. Stat. § 700 (28 USCA § 875), were originally enacted as parts of the Act of March 3, 1865. The sections provide for the determination by the court, upon waiver of jury, of issues of fact, provide that the findings of fact may be general or special and "shall have the same effect as the verdict of a jury"; that the "rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions" may be reviewed, and, when the "finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

These sections have many times been considered and interpreted by the Supreme Court and various Circuit Courts of Appeal, including this court. In the case of Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 482, 37 L. Ed. 373, an action tried by the court without a jury, the court, in holding that a general finding is conclusive upon all matters of fact, said: " * * * Sections 648 and 649 of the Revised Statutes [28 USCA §§ 770, 773], while committing generally the trial of issues of fact to a jury, authorize parties to waive a jury and submit such trial to the court, adding that 'the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.' But the verdict of a jury settles all questions of fact. * * *"

Referring to Rev. Stat. § 700, the court went on to state: " * * * Under that, the rulings of the court in the trial, if properly preserved, can be reviewed here, and we may also determine whether the facts as specially found support the judgment; but if there be no special findings, there can be no inquiry as to whether the judgment is thus supported. We must accept the general finding as conclusive upon all matters of fact, precisely as the verdict of a jury. * * *"

Moreover, it might be well to observe at this time, although this particular point is not involved in the case at bar, that the rule applies notwithstanding that there is no conflict in the evidence.

" * * * the burden of the statute is not thrown off simply because the witnesses do not contradict each other, and there is no conflict in the testimony. * * * But the rule of the statute is of universal application. It is not relaxed in one case because of the ease in determining the facts, or rigorously enforced in another because of the difficulty in such determination. The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts. * * *" Lehnen v. Dickson, supra.

The case of Fleischmann C. Co. v. United States Use of Forsberg, 270 U. S. 349, 46 S. Ct. 284, 287, 70 L. Ed. 624, involved a situation very similar to that presented in the instant case. It was an action brought to recover on a contractor's bond to protect materialmen, and was tried by the court upon waiver of jury. In that case, as in the one at bar, special findings were neither requested nor made. Mr. Justice Sanford, speaking for the court, said: "The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. [Citing several cases.] And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. [Again citing several cases.] To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * * *" See, also, Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866; O'Brien's Manual Fed. App. Procedure (1934 Supp.) pp. 4-9.

In the case of Dunsmuir v. Scott (C. C. A. 9) 217 F. 200, 202, this court said: "The question whether or not, at the close of the trial, there is substantial evidence to sustain a finding in favor of one of the parties to the action is a question of law which arises in the progress of the trial. Where the trial is before a jury that question is reviewable on exception to a ruling upon a request for a peremptory instruction for a verdict. Where the trial is before the court, it is reviewable upon a motion which pre-

sents that issue of law to the court for its determination at or before the end of the trial. In the case at bar there was no such motion and no request for a special finding. We are limited, therefore, to a review of the rulings of the court to which exceptions were reserved during the progress of the trial."

Another expression of this court on the subject is to be found in the opinion of Judge Hunt, in the case of Navajo County v. Mesmer (C. C. A. 9) 4 F.(2d) 821, 822, in part, as follows: " * * * There was neither a request for special findings before the close of the trial, nor a motion for judgment upon the ground that there was no substantial evidence to sustain a judgment in favor of plaintiff. Therefore, as the court had jurisdiction of the subject-matter and of the parties, there is no question open to review, other than the sufficiency of the pleadings to sustain the judgment. [Citing cases.]"

In the case at bar the appellants do not question the sufficiency of the pleadings. To the same effect: Rajotte-Winters v. Whitney Co. (C. C. A. 9) 2 F.(2d) 801; Jenkins v. Boyd (C. C. A. 9) 6 F.(2d) 844; Edwards v. Robinson (C. C. A. 9) 8 F.(2d) 726; First Nat. Bank v. Philippine Ref. Corp. (C. C. A. 9) 51 F.(2d) 218; Brown v. Harvey Coal Corp. (C. C. A. 6) 61 F. (2d) 624; Banque de France v. Chase Nat. Bank (C. C. A. 2) 60 F.(2d) 703; Wilmington Steamboat Co. v. Sturgess (C. C. A. 3) 55 F.(2d) 831; School District of Le Panto v. First Detroit Co. (C. C. A. 8) 72 F.(2d) 654.

■ It appears from the record that a postdated check for $307.57 was given by Harkins to one of the claimants to cover the cost of certain merchandise furnished by said claimant to Harkins; that the said check was presented to the drawee bank on three different occasions, and each time was returned with the notation, "No Funds," and at no time thereafter was the check honored or the debt paid. During the progress of the trial this check was offered in evidence for the purpose of proving the claim. Appellants thereupon interposed an objection to its introduction for such purpose, claiming that it was incompetent to prove the debt; that the acceptance of the check by the claimant extinguished the debt; and that thereafter the only remedy remaining to said claimant was an action upon the check. Said objection was overruled to which exception was taken and granted.

Considerable stress is laid upon this matter in appellants' brief, and in specification of Error XXVII they submit as a purported question of law, the proposition which may be reduced to the simple question: Does the mere delivery and acceptance of a check cancel a debt? In passing upon this matter we may say that the law is so well settled as not to require citation of authority, that the mere acceptance of a check does not, in the absence of express agreement or of circumstances from which such agreement is necessarily inferred, constitute payment of an obligation. Under the circumstances, in order to warrant the rejection of the check in evidence it was incumbent upon the appellants to establish the existence of such an agreement, and no such showing having been made, the court properly admitted the check in evidence.

■ The remaining specifications of error, not having been presented or argued in the brief of appellants, we must assume that they have been abandoned. Rule 24, subd. 4, C. C. A. 9; U. S. ex rel. Mastoras v. McCandless (C. C. A. 3) 61 F.(2d) 366; Harold Lloyd Corp. v. Witwer (C. C. A. 9) 65 F. (2d) 1; Carpenter v. Connecticut General Life Ins. Co. (C. C. A. 10) 68 F.(2d) 69; E. R. Squibb & Sons v. Mallinckrodt Chemical Works (C. C. A. 8) 69 F.(2d) 685.

We conclude, therefore, that as to case No. 1690, the same must be affirmed.

We have next to consider case No. 1722. In this case, as in case No. 1690, there was, besides the plaintiff's (U. S. A.) complaint, a complaint in intervention, representing a large number of claims similar in nature to those in the preceding case, they also being assigned by the respective holders thereof to the intervenor. As heretofore mentioned, William Harkins was made a party defendant in this case, the other parties defendant being the same as in case No. 1690.

A joint judgment was rendered against William Harkins and the appellants, Mittry Brothers Construction Company and the Fidelity & Deposit Company of Maryland, from which judgment this appeal has been prosecuted by the said appellants, William Harkins not having been made a party thereto.

It appears from the record that the defendant William Harkins, having been duly and regularly served with summons in the original action and also in each action in intervention, and having failed to appear and plead to any of said complaints, thereby defaulted. By such default he confessed lia-

bility for the entire amount sought to be recovered. However, judgment was not entered against him in such amount, but only in the amount that the lower court found to be collectible upon the bond.

The appellees have made a motion that this appeal be dismissed on the ground that this court is without jurisdiction to entertain the same for the reason that the judgment in this case is a joint judgment against the appellants and William Harkins; that the said William Harkins has not been made a party to this appeal; and that there has been no summons to him and no severance, or any other equivalent proceeding.

It may be stated at the outset that the position of the appellees in this respect is well taken. Where the interest of a defendant is separate from that of the other defendants, he may appeal without them; but the rule is firmly established that all parties to joint judgments and decrees, alike interested in their reversal, must join in an appeal, or be detached therefrom by some proper proceeding. Nor does the fact that defendant Harkins suffered a default to be entered against him, ipso facto render it unnecessary to join him in the appeal. While it has been held in some cases that parties who have defaulted need not be made parties to an appeal, it is to be noted that in practically all of such cases the judgments therein were held to have been essentially several in their nature, though joint in form, by reason of the fact that some of the parties either had no interest in the subject-matter of the suit, or that only one of several defendants was affected by the judgment or decree, or because the judgments so rendered were for separate and distinct claims and did not affect all the defendants alike, so that a reversal of the judgment as to one defendant would in no wise alter or change the rights or liabilities of the other parties defendant. Such cases cannot be said to set forth the general rule applicable to judgments which are strictly joint in their nature, such as the one in the case at bar, wherein the defendants had a common interest in the subject-matter of the suit, as well as a common liability by virtue of the judgment, and where the interests of all of said defendants are directly involved in the appeal.

In the early cases of Williams v. The Bank of the United States, 11 Wheat. 414, 6 L. Ed. 508 (1826), and Owings v. Kincannon, 7 Pet. 399, 402, 8 L. Ed. 727 (1833), Chief Justice Marshall stated the rule to be that where a joint judgment or decree is rendered against several defendants, all must join in the appeal or it will be dismissed. In the last-mentioned case the Chief Justice said: "Upon principle, it would seem reasonable, that the whole cause ought to be brought before the court, and that all the parties who are united in interest ought to unite in the appeal. * * *"

In a later case, Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953 (1870), a well-reasoned opinion explaining the remedy and procedure by summons and severance, the court stated: "It is the established doctrine of this court that in cases at law, where the judgment is joint, all the parties against whom it is rendered must join in the writ of error; and in chancery cases, all the parties against whom a joint decree is rendered must join in the appeal, or they will be dismissed. There are two reasons for this: 1. That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed. 2. That the appellate tribunal shall not be required to decide a second or third time the same question on the same record. * * *"

Again the Supreme Court in an opinion reviewing the earlier decisions above referred to went on to state: "Since those decisions were published the question has frequently been presented to this court, and has uniformly been determined in the same way, where it appeared that the interest was joint and that no severance had been effected either in the judgment or by subsequent summons and severance or by some proceeding of an equivalent character. * * *" Simpson v. Greeley, 20 Wall. 152, 157, 22 L. Ed. 339.

In the case at bar the judgment of the trial court ruled "* * * that The United States of America, for the use and benefit * * * (giving the name of the particular claimant) do have and recover of and from the defendants * * * (giving their names), and each of them, * * * etc." The case of Estes v. Trabue, 128 U. S. 225, 9 S. Ct. 58, 59, 32 L. Ed. 437, was one involving the same type of judgment and presenting the same question to the court as the case at bar. In that case an attachment was levied upon certain personalty. After the return certain parties claimed the property and gave a bond with two sureties. The challenged judgment ruled "that the plaintiffs recover of the claimants and

C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond, the sum of," etc. There the court held: "The judgment is distinctly one against 'the claimants, and C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond,' jointly, for a definite sum of money. There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties, or as containing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants; and execution is awarded against all of the parties jointly. * * * It is well settled that all the parties against whom a judgment of this kind is entered must join in a writ of error, if any one of them takes out such writ; or else there must be a proper summons and severance, in order to allow of the prosecution of the writ by any less than the whole number of the defendants against whom the judgment is entered."

See, also, Mason v. U. S., 136 U. S. 581, 10 S. Ct. 1062, 34 L. Ed. 545.

One of the latest decisions of the Supreme Court on this subject is to be found in the case of Hartford Acci. & Indemnity Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 356, 76 L. Ed. 685. In disposing of a matter very similar to the situation presented in the instant case, the court said: "The judgment is joint in form and no reason appears why either or both of the parties defendant therein might not have appealed to this Court and submitted claims of error for our determination. In matters of this kind we may not disregard the face of the record and treat the judgment as something other than it appears to be. So to do probably would lead to much confusion and uncertainty."

■ The question before the court in the present case has been passed upon very frequently by the federal courts and it is now a rule practically without exception. The appeals in each of the following cases were dismissed because of the failure to join all defendants in the appeal, in cases of joint judgments or decrees, or the failure to summon and sever the nonappealing defendants: Journeymen Stone Cutters Ass'n v. U. S., 278 U. S. 566, 49 S. Ct. 78, 73 L. Ed. 509; Missouri State Life Ins. Co. v. Johnson, 288 U. S. 609, 53 S. Ct. 404, 77 L. Ed. 984; Continental & C. T. & S. Bank v. Corey Bros. Const. Co. (C. C. A. 9) 205 F.

282; Babcock v. Norton (C. C. A. 2) 5 F. (2d) 153; Doran v. Charles D. Kaier Co. (C. C. A. 3) 60 F.(2d) 259; Spurway v. Walker-Skagseth Food Stores, Inc. (C. C. A. 5) 68 F.(2d) 735.

In reply to the appellees' motion to dismiss this case, the appellants contend that William Harkins is a nominal and useless party, and that it was not necessary to join him in the appeal. The authorities relied upon by the appellants in support of said contention are cases involving parties who either had no interest in the subject-matter of the suit, or who were not affected by the judgment, or who were exempted from taking an appeal by virtue of some specific state statute; in brief, the facts involved, or the judgments rendered in all of said cases, are readily distinguishable from those in the present case, and therefore lend no assistance in deciding the same.

The judgment of the District Court is affirmed in case No. 1690, and as to case No. 1722 the appeal is dismissed.