**John MacMillan WILSON, Herbert M. Wilson, Jr., and The Union National Bank of Pittsburgh, Executors under the Will of Herbert M. Wilson, Deceased, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 14592.**

United States District Court
W. D. Pennsylvania.

Oct. 16, 1956.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

This is an action instituted by the executors under the will of Herbert M. Wilson, deceased, against the United States to recover payments amounting to $143, alleged to be due the decedent as a beneficiary under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq.

Plaintiffs' decedent, Herbert M. Wilson, upon the death of his son, Samuel J. Wilson, the insured, elected the mode of settlement under which he became enti-tled to receive monthly installments of $71.50 each, for 120 payments certain, beginning January 26, 1945, and to continue for his lifetime. Herbert M. Wilson died on October 9, 1955, and had in his possession two checks drawn on the Treasury of The United States of America, dated August 26, 1955, and September 26, 1955, respectively in the amount of $71.50 each. These checks represented the monthly installment payments under the above National Service Life Insurance policy for the months of August and September, 1955, and had neither been endorsed nor cashed at his death.

The National Service Life Insurance Act of 1940 provides that " * * * The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments." 38 U.S.C.A. § 802(i), and that "No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary * * *." 38 U.S. C.A. § 802(j).

This case is before the Court on a motion filed by the Government to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief may be granted.

The Government contends that the plaintiffs' deceased should have cashed or negotiated the checks in order to have received payment within the meaning of the statute. Plaintiffs on the other hand urge that there was payment in that the checks were conditional payment when received by Herbert M. Wilson.

The issue is whether or not Herbert M. Wilson "received payment" during his lifetime. It is admitted that the deceased received the checks during his lifetime, but the question is whether the receipt of a check without more constitutes payment.

The Supreme Court in commenting on this Section of the Act stated:

"The conclusion is irresistible that when in 1940 the law conditioned payments on the beneficiary's *being*

*alive to receive them,* Congress said what it meant and meant what it said." United States v. Henning, 344 U.S. 66, 75, 73 S.Ct. 114, 119, 97 L.Ed. 101. [Emphasis added.]

Persuasive authority is found in the case of Diskin v. City of Philadelphia Police Pension Fund Association, 1951, 367 Pa. 273, 80 A.2d 850, 851, where the by-laws of a police pension fund association provided that " 'upon the death of any member who has not received a pension payment' " certain payments should be made to a designated beneficiary, and further provided " 'Payments of pensions shall be by check drawn to the order of the pensioner * * *.' " In that case the association had mailed to a member who had applied for a pension his check for his first month's pension, which he received and kept in his possession for 27 days. He neither endorsed, cashed, or negotiated the check before his death. The Court held that receipt of the check did not constitute legal payment and that the check never became effective as payment during his lifetime. In reaching their decision the Supreme Court of Pennsylvania said:

> "It is elementary law that, where a note, draft or check is received by a creditor from his debtor for an existing debt, the presumption is, in the absence of an agreement to the contrary, that it is received as conditional and not absolute payment, and the burden of proving the existence of such an agreement is upon the debtor." Diskin v. City of Philadelphia Police Pension Fund Association, supra, 367 Pa. at page 276, 80 A.2d at page 851.

The Court of Appeals for the Ninth Circuit in passing upon the question of whether or not mere delivery and acceptance of a check cancels a debt in Mittry Bros. Const. Co. v. United States, 9 Cir., 1934, 75 F.2d 79, 82 held:

> " * * * that the law is so well settled as not to require citation of authority, that mere acceptance of a check does not, in absence of express

agreement or of circumstances from which such agreement is necessarily inferred, constitute payment of an obligation."

Where a motion to dismiss for failure to state a claim is filed:

> " * * * a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Vol. 2 Moore's Fed.Practice § 12.08.

In this case there is no allegation of any agreement between the decedent, Herbert M. Wilson, and the Government that the check would be accepted as payment, nor is there any claim that there are circumstances from which such an agreement between the parties may be inferred. The authorities are to the effect that in the absence of an agreement a check is not payment of a debt until the check itself is paid. A check is only a means of obtaining payment, not payment in itself.

> "With the exception of a few jurisdictions, the authorities are unanimous in supporting the rule that the giving of a draft or bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the draft or check is accepted on condition that it shall be paid. * * * The debt is not discharged until the check is paid, or the check is accepted at the bank at which it is made payable." 40 Am.Jur., Payment, § 72.

Here the two checks were retained by the deceased until his death and were not endorsed, negotiated, or cashed. The checks have not been paid and by reason of death of Herbert M. Wilson, the beneficiary under the policy, it becomes impossible for them to be paid. Therefore, since the beneficiary is not alive to receive payment as required by law, and

# 854

the receipt of the checks did not constitute payment during his lifetime no rights accrue to his executors to maintain this action, nor does the law permit payment to the executors. Accordingly, the plaintiffs having failed to state a cause of action upon which relief can be granted, their complaint must be dismissed.