### EDWARDS v. ROBINSON et al.

(Circuit Court of Appeals, Ninth Circuit. November 9, 1925.)

No. 4610.

**1. Appeal and error ⊙═237(6)—Circuit Court of Appeals held without jurisdiction to consider sufficiency of testimony to support findings not challenged, in case tried before court without jury.**

In action tried by stipulation before court without jury, a request, joined in by both parties, to make special findings of fact on the issue made by pleadings, was not a motion, or request to find generally or specially in favor of plaintiff, and where no such motion or request was made until long after close of trial, and not until 10 days after decision in favor of defendants had been announced by court, the circuit court of appeals had no jurisdiction to consider the sufficiency of the testimony to support the findings.

**2. Appeal and error ⊙═1054(1)—Defendant's testimony as to why he entered into contract sued on held not prejudicial.**

In action tried by court, without a jury, defendant's testimony as to why he entered into contract sued on *held* not prejudicial.

**3. Contracts ⊙═346(12)—Recovery on contract for stipulated fee could not be had, without proof of substantial performance.**

Recovery on contract for stipulated fee could not be had without proof of substantial performance, as distinguished from proof of cause of action on quantum meruit.

**4. Appeal and error ⟷1056(6)—Exclusion of letters of plaintiff held not reversible error.**

Exclusion of letters written by plaintiff, which would not have changed the result, if admitted, *held* not ground for reversal.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by A. N. Edwards against A. C. Robinson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Hays, Martin, Cameron & Hays, of Boise, Idaho, for plaintiff in error.

Frank T. Wyman, of Boise, Idaho, for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment in favor of the defendants in an action at law, tried before the court without the intervention of a jury by written stipulation of the parties. The court made special findings of fact, and the sufficiency of these findings to support the judgment is not challenged. There was no motion or request at or before the close of the trial to find generally for the plaintiff, or to make special findings in favor of the plaintiff, and there was no ruling of the court on that question. In this state of the record, it is well settled that an appellate court cannot consider the sufficiency of the testimony to support the findings.

In Dunsmuir v. Scott, 217 F. 200, 133 C. C. A. 194, we said: "The question whether or not, at the close of the trial, there is substantial evidence to sustain a finding in favor of one of the parties to the action is a question of law which arises in the progress of the trial. Where the trial is before a jury, that question is reviewable on exception to a ruling upon a request for a peremptory instruction for a verdict. Where the trial is before the court, it is reviewable upon a motion which presents that issue of law to the court for its determination at or before the end of the trial. In the case at bar there was no such motion, and no request for a special finding. We are limited, therefore, to a review of the rulings of the court to which exceptions were reserved during the progress of the trial." To the same effect, see National Surety Co. v. Lincoln County, Mont., 238 F. 705, 151 C. C. A. 555; Société Nouvelle d'Armement v. Barnaby, 246 F. 68, 158 C. C. A. 294; Warren v. Bromley (C. C. A.) 288 F. 563.

Our attention has been directed to the stipulation waiving a jury at the commencement of the trial, wherein the respective parties joined in a request to the court to make special findings of fact upon the issue raised by the pleadings. But this was not a motion or request to find either generally or specially in favor of the plaintiff, and no such motion or request was in fact made, so far as the record discloses, until long after the close of the trial, and not until 10 days after a decision in favor of the defendants had been announced by the court. Under such circumstances, we are without jurisdiction to consider the sufficiency of the testimony to support the findings.

[2] All of the assignments of error, with the exception of three, are based either on the findings made or on a refusal to find as requested. Of these three, one is based on the admission of certain testimony, another on the exclusion of a large number of letters written by the plaintiff, and the third upon the ruling on the motion for a new trial. One of the defendants was asked what induced him to vote in favor of entering into the contract in suit, and an objection to the question was overruled. Neither the validity nor the construction of the contract seems to have been in issue, and the testimony may have been immaterial; but, even so, the answer to the question was not prejudicial, especially in an action tried by the court without a jury.

[3, 4] The letters excluded might be competent and material in an action on a quantum meruit to recover the reasonable value of the services rendered, but the action before the court was on an express contract to recover the stipulated fee, and there could be no recovery without proof of substantial performance. It is not claimed that the letters excluded had any tendency to prove that fact, and, if admitted, they would not change the result. No new question was presented by the motion for a new trial, and the order thereon is not subject to review here.

We find no error in the record, and the judgment is affirmed.