## MACOMBER v. GOLDTHWAITE.

Circuit Court of Appeals, Ninth Circuit.
November 7, 1927.

(No. 5126.)

1. Appeal and error ⬅219(2), 265(1)—In absence of request or exception to refusal of special findings, appellate court could not review decision on merits.

Where jury is waived and special findings made by the court, in the absence of requests for special findings and of exceptions reserved to their refusal, and to the findings made as having no evidence to support them, and exceptions to the conclusions of law therefrom the appellate court cannot review the decision on the merits, but only rulings on evidence, excepted to, and whether the findings made support the judgment.

2. Appeal and error ⬅850(3)—Reasons of judge for his conclusions is not special fact finding.

The opinion of the judge giving the reasons for his conclusions is not a special finding of facts.

**3. Evidence ⬅️420(7)—Defendant, sued on note, may defend on ground that it was given to secure performance of contract, and may show such fact by parol, and that note was paid by performance.**

A defendant sued on a promissory note making of which he admits, may set up as defense that the note was given to secure performance of a parol contract, and may show such fact by parol, and that the note was paid by performance of the contract.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by F. B. Macomber against J. O. Goldthwaite. Judgment for defendant, and plaintiff brings error. Affirmed.

Macomber brought action against Goldthwaite to recover balances alleged to be due on ten promissory notes of $5,000 each, executed by Goldthwaite to Macomber March 1, 1922. Omitting date and place, the form of each note is as follows: "On or before * * * after date, I promise to pay to the order of F. B. Macomber, five thousand no/100 dollars at 806 Hobart Building, San Francisco. Value received, with interest at six per cent. per annum."

By answer, Goldthwaite admitted that he made the notes but denied that they were made or delivered, except as affirmatively alleged in his answer, setting up that when the notes were given and prior thereto, Macomber was president and principal stockholder of the Macomber-Savidge Lumber Company, and defendant was president and principal stockholder of the Modoc Lumber Company; that the Modoc Company owed the Macomber Company approximately $50,000; that both companies were financially embarrassed; that the Macomber Company had assigned its property to a trustee, one Sanborn, for the benefit of certain of its creditors; that the Modoc Company creditors had put their claims in the hands of the Board of Trade at San Francisco; that the Modoc Company, in an effort to refinance its affairs, was trying to obtain a first mortgage loan of $250,000, and wanted its creditors to put their claims in the hands of the Board of Trade, such creditors' claims to be secured by a second mortgage; that the prospective first mortgagee required that the amount of the second mortgage should not exceed a specified sum; that at the time the debt of the Modoc Company to the Macomber Company was in dispute, and in order to keep the second mortgage within the limit required it was necessary that the Macomber Company claim (to be included therein) should not exceed $54,000; that the Modoc Company and Goldthwaite agreed with the Macomber Company and Macomber that the Macomber Company would assign its claim to the Board of Trade at San Francisco for inclusion in the second mortgage in the sum of $53,905, and that in consideration thereof the Modoc Company should approve the claim of the Macomber Company as stated by the Macomber Company, and that in addition thereto Goldthwaite should guarantee the payment of part of the claim, namely, to the amount of $50,000 by giving the promissory notes sued upon, on the understanding that the part of the claim turned over to the Board of Trade at San Francisco was to be converted into notes or other evidence of debt, signed by the Modoc Company and its subsidiary company, Williamson River Logging Company, secured by a second mortgage on the properties of the two companies; that any and all payments made on any part of the debt of the Modoc Company should be credited against the personal note to be given by Goldthwaite as a guaranty up to the amount of the notes; that the notes sued upon were all given by Goldthwaite and received by Macomber for the use and benefit and as agent for the Macomber Lumber Company solely upon the consideration hereinbefore mentioned, and on the understanding between the parties to the notes made when the notes were given that Goldthwaite should thereby become bound as surety and guarantor for the Modoc Company up to the amount of $50,000 for the payment of any debt then owing from the Modoc Company to the Macomber Company as set forth, and not otherwise; that the arrangement was carried out and the claim of the Macomber Company in the reduced amount of $53,905 was assigned to the Board of Trade and converted into notes secured by a second mortgage which notes were afterwards sold by the Board of Trade and later were paid in full; that Goldthwaite was discharged from liability on the notes which were collateral to the debt of the Modoc Company.

Macomber replied to the answer, denying the material allegations affirmatively set up, and alleging, among other things, that neither he nor the Macomber Company of any of the trustees of the Macomber Company ever agreed that Goldthwaite should in any way guarantee the payment of the claim, and that the notes sued upon were made and delivered as an unconditional obligation of Goldthwaite as an individual to Macomber as an individual, and not otherwise.

Written stipulation waiving a jury was

filed. Trial was had. Plaintiff made no request or motion for findings of fact; nor did he make any request for findings at the conclusion of the testimony, or present the question of the sufficiency of the evidence to support a judgment in defendant's favor. The court filed an opinion and made findings of fact substantially in accord with the affirmative allegations of the answer. As conclusions of law the court found that Goldthwaite was nothing more than a limited guarantor of the payment of the debt of the Modoc Company up to an amount of the notes sued upon; that the guaranty was discharged; that if the notes sued on were a gift they were void and could not be enforced for lack of consideration; that if the notes were given merely in a wish to compensate Macomber for losses which he had previously sustained as a stockholder in the Macomber Company through transactions between that company and the Modoc Company, the notes were void for want of consideration.

On the same day the findings and conclusions were filed, judgment in favor of defendant was entered.

Walter S. Brann, O. M. Van Duyn, and Brann, Van Duyn, Boekel & Rowe, all of San Francisco, Cal., for plaintiff in error.

Veazie & Veazie, of Portland, Ore., for defendant in error.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Plaintiff filed numerous assignments of error. Several are based upon rulings admitting testimony to which rulings exceptions were reserved; others upon the law as stated in the opinion of the District Judge; others upon several of the findings of fact to which no exceptions were taken before the final action of the court; another upon the ground that the court failed to make a finding as to a matter alleged to be material; others upon certain of the conclusions of law, and one upon the award of judgment in favor of defendant on the ground that the notes sued upon were collateral security to the claim of the Macomber Company. But, of the matters included in the assignments, few are before us for review, for it is thoroughly well established that, where a jury is waived and trial is had to the court and special findings are made, in the absence of a request for special findings of fact and of exceptions reserved, based on the ground that special findings made by the court have no evidence

to support them, and of exceptions to the conclusions of law drawn by the court from the facts found, the appellate court cannot review the decision of the trial court upon the merits. Fleishman v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Southern Pacific Co. v. Kalbaugh (C. C. A.) 18 F.(2d) 837; Danberg Land & Live Stock Co. v. Day (C. C. A.) 247 F. 477; Pabst Brewing Co. v. Horst Co. (C. C. A.) 264 F. 909; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21; First Nat. Bank v. Litteer (8 C. C. A.) 10 F.(2d) 447; Thompson-Starrett Co. v. La Belle Iron Works (2 C. C. A.) 17 F.(2d) 537. Equally well settled is it that the opinion of the judge giving the reasons for his conclusions is not a special finding of facts. Java Cocoanut Oil Co. v. Bank (C. C. A.) 300 F. 305.

[3] Plaintiff seeks to avoid the force of these rules by arguing that defendant by setting up that his contract was one of guarantyship or suretyship and that payment was made, raised an equitable defense which called for equitable relief, and therefore that the court should ignore irregularities of procedure, take account of the substance only, and render such a judgment upon the record as law and justice require. But the action was properly brought as one at law, and Goldthwaite's answer that the promissory notes executed by him, though absolute in form were in fact given as security, and that the performance of the principal obligation discharged the notes, presented a legal defense of payment. One, sued by the payee on a promissory note which the defendant admits he made, can set up as a defense that the note was given as security for the performance by defendant of an oral contract entered into with plaintiff, and was to be returned to defendant upon compliance with the terms of the contract, and he may rely upon parol evidence to show that he is in fact a surety and that the note has been paid. Such testimony is not offered to repudiate the written instrument, nor to vary or alter its terms, nor to avoid payment thereof, but to show that in fact payment has been made and the contract fulfilled. The recent case of Silva v. Gordo, 65 Cal. App. 486, 224 P. 757, clearly states the law as it prevails in California, where the contract was made and was to be performed. Farmers' & Citizens' Bank v. Sherman, 33 N. Y. 69.

In Mock v. Stoddard, 177 F. 611, this court held, citing Salmon Falls Mfg. Co. v. Goddard, 14 How. 446, 14 L. Ed. 493, that parol evidence was admissible to show that members of a firm who signed a note individ-

ually did so in fact for and on behalf of the firm, and that the note was made for a firm obligation. Juilliard v. Chaffee, 92 N. Y. 531; Kirchdorfer v. Watkins, 198 Ky. 69, 248 S. W. 251.

Our opinion being that the issue was of payment, the parties were right in treating the action, as they did in the lower court, as one of law, to be disposed of accordingly. Our review, therefore, is confined to assignments based upon rulings admitting testimony to which exceptions were saved during the progress of the trial and to the inquiry whether the findings made support the judgment. C., R. I. & P. v. Barrett (C. C. A.) 190 F. 118; Philadelphia Casualty Co. v. Fechheimer (C. C. A.) 220 F. 401, Ann. Cas. 1917D, 64.

On cross-examination plaintiff was asked whether or not, just before the notes were signed, or at any time, there was any argument between him and defendant as to whether the Macomber Company would put its claim in the hands of the Board of Trade. Counsel's objection was that any conversation had before the notes were signed, or at that time, would be an attempt to vary the terms of a written agreement by parol evidence. Counsel for defendant disavowed any intention of varying the written contract, and contended that the circumstances preliminary to the contract constituting the groundwork upon which the contract was based could be inquired into. Witness answered that, shortly before the notes were executed, defendant wanted him to consent to the Macomber Company putting its claim with the Board of Trade with the rest of the creditors; that at that time the Macomber Company had practically quit business, and that he did not consent to the Macomber Company claim being filed with the Board of Trade until after plaintiff and defendant had concluded their agreement, and defendant had given plaintiff the notes sued upon.

Considering that the court had before it for construction a written agreement made shortly before the notes sued on were given, which directly related to the transactions concerning which the notes were made, there was no error in receiving testimony of the circumstances under which the notes were made, including the situation of the parties to the notes. Section 717, Oregon Laws.

22 F.(2d)—41

Nor was it error to permit the defendant to testify that in February, 1920, before the notes were executed, he and Macomber met and discussed the accounts, and that defendant agreed to approve the account on behalf of the Modoc Company, and that Macomber raised no question whether he represented his company or himself personally. The testimony bore upon the question of the beneficial ownership of the notes.

Objection is urged to the action of the court in allowing defendant to answer the general question whether there was any consideration given for the execution of the notes other than the facts set forth in the answer filed. Witness said there was not. The objection was that defendant had not pleaded failure of consideration, and that by the question defendant sought to vary the contract. But the answer sets forth that there was an agreement between defendant and plaintiff and their respective companies, by which the Macomber Company was to assign its claim for inclusion in a second mortgage, and that in consideration thereof the Modoc Company would approve the claim as stated, and that in addition thereto defendant would guarantee payment to the extent of $50,000 by giving the notes sued on, and that all payments on the debt of the Modoc Company were to be credited against the personal notes; that the notes were made and accepted as company matters, solely upon the considerations mentioned, and upon the understanding that defendant was a surety and guarantor, and that such arrangement was carried out. The pleading, therefore, justified the ruling made. Our view, already expressed, that it was competent for the defendant to show the circumstances leading up to the contract, and to explain certain references in the writings made in connection with the execution of the notes, refutes the argument that an answer to the question propounded would vary the writings sued upon.

Disposition of the only remaining question is made by saying that, after carefully considering the findings of fact, we are satisfied that they accord with the judgment and the principles already stated governing the law of contracts by way of negotiable instruments.

The judgment is affirmed.