## NEWLANDS v. CALAVERAS MIN. & MILL. CO.

Circuit Court of Appeals, Ninth Circuit.
September 4, 1928.

No. 5161.

Frank J. Solinsky and Edward R. Solinsky, both of San Francisco, Cal., for plaintiff in error.

Bohnett, Hill & Campbell, L. D. Bohnett, H. G. Hill, and Frank V. Campbell, all of San José, Cal. (Thos J. Riordan, of San Francisco, Cal., of counsel), for defendant in error.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Newlands brought this action to recover damages from the Calaveras Mining & Milling Company for alleged breach of a lease and agreement pertaining to certain mining property. The original lessee was one Bender, who assigned all his interest to plaintiff Newlands. Defendant denied breach or termination of the lease, affirmatively alleged breach by plaintiff, and pleaded estoppel and abandonment of the lease and premises.

By written stipulation the case was tried to the court without a jury, and after hearing evidence judgment was entered in favor of the mining company for costs. At the close of all the evidence, plaintiff made no motion for judgment in his favor; nor did he then challenge in any way the sufficiency of the evidence to support a judgment for the defendant. Cooper v. Omohundro, 19 Wall. (86 U. S.) 65, 22 L. Ed. 47. Before the argument, both plaintiff and defendant made general requests for special findings. The court denied the requests, and awarded judgment for defendant.

Plaintiff assigns as error the refusal of the District Court to make special findings, the admission in evidence of a letter which contained an "offer of compromise," and the order for judgment, based upon the ground that the evidence set forth in the bill of exceptions established plaintiff's right to recovery, in that "it appeared by a preponderance thereof that defendant breached and violated the contract, and that there was no breach or violation thereof on the part of the plaintiff, and that, by reason of the law of the case and the evidence, the court should have ordered judgment in favor of plaintiff and against defendant."

It seems hardly necessary to do more than refer to the well-settled rule that it is discretionary with the court whether or not its findings shall be general or special (Rev. St. § 649 [28 USCA § 773]), and that, where

the court has chosen to find generally for one side or the other, the defeated party is confined, upon writ of error, to errors including wrongful admission or rejection of evidence, occurring in the progress of the trial (Compania Transcontinental de Petroleo S. A. v. Mexican G. O. Co. [C. C. A.] 292 F. 846; Griffin v. Thompson [C. C. A. 5] 10 F.[2d] 127). Where the court has made special findings of fact, then by section 700, Revised Statutes (28 USCA § 875), the question on the findings brought for review may extend to the determination of the sufficiency of the facts found to support the judgment. Dirst v. Morris, 14 Wall. (81 U. S.) 484, 20 L. Ed. 722; City of Key West v. Baer (C. C. A. 5) 66 F. 440; Berwind-White Coal Co. v. Martin (C. C. A.) 124 F. 313.

In Tyng v. Grinnell, 92 U. S. 467, 23 L. Ed. 733, the Supreme Court said: "Where a jury is waived, and the issues of fact are submitted to the court, the finding of the court may be either general or special, as in cases where the issues of fact are tried by a jury; but, where the finding is general, the parties are concluded by the determination of the court, subject to the right to bring error to review any rulings of the court to which due exception was taken during the trial. Whether the finding is general or special, the rulings of the court during the progress of the trial, if duly excepted to at the time and presented by a bill of exceptions, may be reviewed in this court; and, in a case where the finding is special, the review, even without a bill of exceptions, may extend to the question, whether the facts found are sufficient to support the judgment. Miller v. Ins. Co., 12 Wall. 295 [20 L. Ed. 398]."

See, also, Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Consolidated Coal Co. v. Polar Wave Ice Co. (C. C. A. 8) 106 F. 798; Humphreys v. Third National Bank (C. C. A. 6) 75 F. 852; Berwind v. Martin, supra; Dunsmuir v. Scott (C. C. A. 9) 217 F. 200; Societie Nouvelle d'Armement v. Barnaby (C. C. A. 9) 246 F. 68; Northern Idaho etc. v. A. L. Jordan Lumber Co. (C. C. A. 9) 262 F. 765; Pabst Brewing Co. v. E. Clements Horst Co. (C. C. A.) 264 F. 909; United States v. Atchison, Topeka & Santa Fé R. Co. (C. C. A. 8) 270 F. 1; Denver Live Stock Commission Co. v. Lee (C. C. A. 8) 18 F.(2d) 11; Macomber Lumber Co. v. Goldthwaite (C. C. A.) 22 F.(2d) 638; Oyler v. Cleveland, etc., Co. (C. C. A. 6) 16 F.(2d) 455.

Counsel argue that the trial court should have made special findings because of one of the rules of the District Court for Northern California (No. 95), providing that in actions at law, where a jury is waived, it shall be in the discretion of the court to make special findings of fact upon the issues raised by the pleadings, and that ordinarily the court will make such findings on request of either party if such request be made on or before the submission of the cause for decision. But that rule is in no way inconsistent with the decisions cited holding that it is discretionary with the court to make special findings (Modoc County Bank v. Ringling (C. C. A. 9) 7 F.(2d) 535); and where the finding is general and there is no showing of an abuse of discretion, the appellate court is precluded from examining the testimony to determine whether or not there was a preponderance of evidence in favor of plaintiff. See above cases; also Maryland Casualty Co. v. Orchard Land Co. (C. C. A.) 240 F. 364; Pennsylvania Casualty Co. v. Whiteway (C. C. A. 9) 210 F. 782. The Conformity Act (28 USCA §§ 724, 726–728) has no bearing. United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 35 S. Ct. 298, 59 L. Ed. 696; St. Clair v. United States, 154 U. S. 134, 14 S. Ct. 1002, 38 L. Ed. 936; Cudahy Packing Co. v. Omaha (C. C. A.) 24 F.(2d) 3; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A. 5) 299 F. 478.

This disposes of the assignments of error, except those based upon exceptions taken to rulings upon the admission or exclusion of evidence.

On cross-examination of plaintiff, defendant offered a letter written by defendant to plaintiff after this action was instituted, offering to permit plaintiff to continue under the bond and lease agreement in accordance with the terms thereof, and to deliver immediate possession of the property, waiving any default up to the date of the receipt of the letter, in the event plaintiff accepted defendant's offer, but not otherwise. The letter stated that the proposition was made subject to an agreement made in March, 1924, between two named individuals, reserving a certain interest in the mine, of which agreement the writer believed plaintiff had notice, and subject to the additional condition that the offer must be accepted on or before April 5, 1927. The concluding paragraph of the letter was as follows: "This proposition is not, nor shall it be construed as, an admission against the undersigned of any fact or of any fault on its part, but as an offer of compromise in

the dispute now pending between yourself and the undersigned."

Plaintiff objected to the introduction of the letter upon the ground that it was an offer of compromise, and inadmissible under section 997 of the Code of Civil Procedure of California, which provides that the defendant may, before trial or judgment, serve upon plaintiff an offer to allow judgment for the sum or property, or to the effect therein specified, and that, if notice of acceptance is not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial, and that, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs, etc.

Counsel for defendant stated that, while they agreed generally that the letter was not relevant or competent, nevertheless, inasmuch as the only notice that the mining company ever had that Newlands expected the company to go ahead with the lease was when he filed the present suit, defendant wished to show that, as soon as the company was put on notice, it offered to put plaintiff in possession and let him proceed to fulfill the contract. Under the circumstances of the case, we cannot see that the plaintiff was prejudiced by the admission of the letter. His contention was that he had been wrongfully ousted, because the written notice given by the Mining Company to Bender did not comply with the terms of the agreement requiring 30 days' notice to perform, and that for lack of proper notice he ignored the letter and notice, and remained silent; whereas, defendant contended that prior to the sending of the letter to Bender plaintiff had left the premises with the intention of abandoning them and giving up any rights he might have under the terms of the lease and agreement.

Assuming that the letter had little or no evidential value upon the issue of abandonment or good faith, nevertheless, when judged with respect to the only objection urged by plaintiff to its admissibility, namely, that it was an offer of compromise, it seems clear plaintiff could not have been prejudiced. If plaintiff had offered the communication, and the court had admitted it over objection by defendant, based upon the ground that it was an offer to buy peace and not an admission of particular facts, doubtless defendant could have predicated prejudicial error upon the ruling. But, as the evidence could in no way have operated to plaintiff's prejudice, he cannot complain of the ruling, the only effect of which might have been prejudicial to defendant.

The judgment is affirmed.