## McCANDLESS v. HASKINS et al.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8051.

M. T. Woods, Jr., of Sioux Falls, S. D. (C. O. Bailey, J. H. Voorhees, and T. M. Bailey, all of Sioux Falls, S. D., on the brief), for plaintiff in error.

A. K. Gardner, of Huron, S. D. (E. F. Green, of De Smet, S. D., and A. B. Fairbank and Ralph W. Parliman, Sr., both of

694

Sioux Falls, S. D., on the brief), for defendants in error.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This action was brought by plaintiff in error, as plaintiff below, to recover from defendants in error, Hugh L. Haskins, administrator of the estate of Harlow L. Haskins, Thomas Duffy, E. J. Read, A. K. Houk, and H. Menzel, an assessment duly levied upon shares of the capital stock in the First National Bank of Oldham, S. D. A jury to try the case was duly waived, and the case was tried before and submitted to the court. The court found generally the facts in favor of the defendants and against the plaintiff, the receiver of the assets of the bank. From this judgment the receiver of the bank brings error.

■ The sole question in issue at the trial under the pleadings was this: Did defendants own the shares of capital stock in the bank against which the assessment was laid? If so, they are liable for the amount of the assessment. If they were not the owners, they are not liable. It appears from the record that one Jans was cashier of the bank prior to May, 1922, and was the owner of 75 shares of the capital stock of the bank. His conduct as cashier was not satisfactory to the national bank examiner, and an arrangement was made whereby he was to resign as cashier and one Johnson was to be made cashier in his place. As part of this arrangement Johnson was to take over the shares of the capital stock in the bank as incoming cashier. Jans was paid the purchase price of his shares agreed upon, $9,000, out of the assets of the bank. Now Johnson, on becoming cashier of the bank, did not keep the agreement made with defendants for him to take and pay for the shares of stock in the bank theretofore held by Jans. Thereafter, at the instance of the bank examiner, two of the officers of the bank, Haskins, now deceased, and Duffy, paid into the bank the $9,000. It is insisted by the plaintiff receiver this was the completion of the purchase by defendants, and by this transaction defendants became the owners of the stock. It is the contention of defendants, on the contrary, this was a temporary loan of money to the bank until Johnson, its cashier, would take up and pay the bank for the Jans' shares of stock. As a trial by jury was waived, and the facts as well as the law submitted to the determination of the court, it is settled, if the facts found have support in the evidence, they may not be reviewed here, and, if the facts so found support the judgment entered, then all questions of law and of fact are concluded.

The trial court from the evidence found the facts as follows: "That the defendants, and neither of them, ever intended to purchase or become the owner of the said H. G. Jans' stock, or any part thereof, and they did not become and are not now the owners of said Jans' stock, or any part thereof."

The court finds generally in favor of the defendants and each of them and against plaintiff on all the issues. If these facts find support in the evidence, there can be no contention but that as a matter of law defendants are not liable. While there is substantial evidence contrary to the findings made by the trial court from which a contrary finding could well have been made, yet, as there is evidence found in the record tending to support the findings of fact made by the trial court, the findings made must stand.

■ But one further matter needs mention. After the judgment assailed had been entered, the plaintiff filed a request for a declaration of law to the effect that on the uncontradicted evidence, as the same appears from the pleadings and evidence, the plaintiff was entitled to a recovery. The court entertained this application, and on due consideration denied the same. This is now urged by the plaintiff in error. As against this defendants contend the same was final after judgment entered, hence came too late, and therefore cannot be considered by this court. In this contention we think defendants in error are wrong. See South Utah Mines v. Beaver County, 262 U. S. 325, 43 S. Ct. 577, 67 L. Ed. 1004; Commonwealth Casualty Co. v. Aichner, 18 F.(2d) 879, a decision by this court, both cases holding that during the term at which a judgment, order, or decree is entitled the same is "in the breast of the court," and may be by the court changed or modified. Some contention is made by plaintiff that the bank was without power to purchase its own capital shares. While this may be true, yet that is not the decisive question in this case. The plaintiff charged in its petition the defendants owned the shares in question, and, because they owned the same, were liable for the assessment.

As the court's findings of fact supported by evidence settled this question against plaintiff conclusively, the judgment must be affirmed.