## CALLAN v. UNITED STATES SPRUCE PRODUCTION CORPORATION.

Circuit Court of Appeals, Ninth Circuit.
October 22, 1928.

No. 5553.

Sheppard, Phillips & Ralston and Richard Sleight, all of Portland, Or., for appellant.

Carey & Kerr and Omar C. Spencer, all of Portland, Or., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge. This action was brought by appellant to recover from appellee $53,137.43, under a contract the provisions of which it is unnecessary to explain. Trial by jury was waived, and, after hearing the evidence and the argument of counsel, the court took the case under advisement. Thereafter, on April 2, 1928, it filed a memorandum decision in favor of defendant. On the morning of April 4th counsel for defendant served upon counsel for plaintiff a proposed general finding to be made by the court in harmony with the opinion, at the same time advising, so it is stated in the brief, that at 2 o'clock of that day the finding would be presented to the court, with request for signature and for an order for judgment of dismissal. At the time indicated the finding was presented and signed, and judgment of dismissal entered.

At no time, during the course of the trial or afterwards, did the plaintiff take any exceptions of any kind or request special or other findings, and in fact no finding was made, save the general one just referred to. Plainly we think the record is devoid of any question we are authorized to review. Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Swanson v. Continental Casualty Co. (C. C. A.) 12 F.(2d) 410; Macomber v. Goldthwaite (C. C. A.) 22 F.(2d) 638. To say that section 269 of the Judicial Code (28 USCA § 391) authorizes a review of the evidence upon such a record would be to hold that it repeals the sections of Revised Statutes above cited. We do not think it was intended to have that effect.

Affirmed.