## MARYLAND CASUALTY CO. v. KLICKA-LUMBER CO. *

### No. 6047.

Circuit Court of Appeals, Ninth Circuit.

May 26, 1930.

*Rehearing denied August 26, 1930.

Edgar A. Luce and Albert J. Lee, and Stearns, Luce & Forward, all of San Diego, Cal., for appellant.

W. P. Cary and J. G. Driscoll, Jr., and Gray, Cary, Ames & Driscoll, all of San Diego, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a judgment upon a surety bond indemnifying the appellee against loss by reason of the embezzlement by R. H. Phillips, one of the employees of the appellee. The appellant surety company defended the action upon the ground of a breach of warranty by the appellee. The statements which the appellant relies upon as warranties are contained in written applications for the indemnity bond, and relate to the manner in which the employee would be supervised in handling the funds of the appellee which came into his possession. The case was tried by the court without a jury in pursuance of a written stipulation to that effect. At the conclusion of the evidence the case was argued by counsel, and at the conclusion of the argument by counsel for the defendant he requested the court to find that the plaintiff had breached the promissory agreement as set forth in its application for the bond sued upon, and that such promissory agreement was a part of the bond and would constitute a warranty, and that judgment should be rendered for the defendant. Thereupon the court announced its opinion upon the merits of the action and the judgment which it intended to render. The defendant excepted to this ruling. This motion and exception were sufficient to raise the question of sufficiency of the evidence to sustain the judgment. Societe Nouvelle d'Armement v. Barnaby (C. C. A.) 246 F. 68; Ozark Pipe Line Corp. v. Decker (C. C. A.)

32 F.(2d) 66. However, the failure to make such finding is not assigned as error and therefore cannot be considered on appeal. Louie Share Gan v. White (C. C. A.) 258 F. 798. Nor is it specified in the brief as an error relied upon on appeal. The appellant suggests that under section 269 of the Judicial Code (40 Stat. 1181 [28 USCA § 391]) the court should nevertheless determine from the entire record whether or not the case should be reversed "without regard to technical error defects when exceptions do not affect the substantial rights of the parties," citing Sagliuzzo et al. v. Frymier (C. C. A.) 15 F.(2d) 749. This may not be done, however, for the record on appeal is made up with reference to the assignments of error. The assignments that the court erred in making the special findings without sufficient evidence to sustain them are therefore ineffectual. Sections 648, 649, 700, Rev. St. (28 USCA §§ 770, 773, 875).

Notwithstanding the insufficiency of the assignments of error to present the question argued in the brief, we have examined the record and are satisfied that the judgment should be affirmed on the merits.

Judgment affirmed.