### FIRST NAT. BANK OF SAN RAFAEL v. PHILIPPINE REFINING CORPORATION OF NEW YORK.

No. 6417.

Circuit Court of Appeals, Ninth Circuit.

July 13, 1931.

Luther Elkins, of San Francisco, Cal., and Thomas P. Boyd, of San Rafael, Cal. (George M. Naus, of San Francisco, Cal., of counsel), for appellant.

Alfred Sutro, Eugene D. Bennett, and Samuel L. Wright, all of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Appellant brought an action for the conversion of 7,159 gallons of denatured alcohol valued at $4,152. After written stipulation, the case was tried by the court without a jury on August 28, 1930, and submitted to the court for its decision. On December 12, 1930, the court entered an order for judgment as follows: "Ordered that the plaintiff take nothing, and that the defendant have judgment for its costs of suit. Let judgment be entered accordingly." The same day judgment was entered in accordance with the order, and the appeal is taken from that judgment.

Appellant contends that the uncontroverted evidence justified and required a judgment in its favor, and presents the evidence for our consideration by a bill of exceptions.

The appellee objects to the consideration of the bill of exceptions or the question of the sufficiency of the evidence to justify the judgment in its favor for the reason that that question was not presented to the trial court at the proper time for its determination and that no exception is shown by the record upon which such a contention can be predicated in the appellate court. It appears from the bill of exceptions that at the close of the evidence the defendant (appellee) moved the court for a judgment in its favor. No similar motion was made at that time by the plaintiff (appellant) prior to the submission of the case. The matter was taken under submission upon written briefs. On the 12th of December, 1930, in the November, 1930, term of court, the court made and filed an order "that plaintiff take nothing and that defendant have judgment for costs. No finding, either general or special, was expressly made, nor placed on the record." This recital in the bill of exceptions with reference to the findings of course is modified by the statement with reference to the order filed by the court which was a general finding in favor of the appellant. V. S. & P. Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 41 S. Ct. 524, 65 L. Ed. 1020; Newlands v. Calaveras Min. & Mill. Co. (C. C. A.) 28 F.(2d) 89. The bill of exceptions shows that, after the judgment was rendered and entered, appellant moved the court "that the Court render judgment for plaintiff, as a matter of law upon the pleadings and evidence, in the sum of $3,006.78." The motion was based upon the insufficiency of the evidence, as a matter of law, to support a judgment in favor of the defendant and that it was sufficient, as a matter of law, to support a judgment for plaintiff. The record recites: "Said motion was denied and the exception allowed and taken." The second motion is of similar purport, that the court make a declaration of law to the effect that the plaintiff was entitled under the pleadings and evidence to a judgment against the defendant for said amount upon the same ground. The third motion to like effect requested the court to make a finding of the facts on the ground that it is the duty of the court to make a general or special finding on the facts and that a judgment without it was unauthorized. These motions were denied "and an exception allowed and taken."

It has been held by this court, in an opinion by Judge Rudkin, and concurred in by Judges Gilbert and Hunt, that under such circumstances this court has no jurisdiction to pass upon the sufficiency of the facts to support a finding. Edwards v. Robinson, 8 F.(2d) 726, 727. The court there said: "There was no motion or request at or before the close of the trial to find generally for the plaintiff, or to make special findings in favor of the plaintiff, and there was no ruling

of the court on that question. In this state of the record, it is well settled that an appellate court cannot consider the sufficiency of the testimony to support the findings."

It appears in that case that such a motion was made ten days after the decision of the trial court in favor of the appellee had been announced by the court. The court stated, "Under such circumstances, we are without jurisdiction to consider the sufficiency of the testimony to support the findings." 8 F.(2d) 726, 727, supra.

In view of the contention of the appellant that decisions of the Supreme Court and of the Circuit Court of Appeals for the Eighth Circuit justify and require a further consideration of this point, we will briefly refer to such decisions.

The statutory rule with reference to a review of a civil case tried in a district court without the intervention of a jury provides that the rulings of the court in the progress of the trial of the cause, "if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal. * * *" 28 USCA § 875. The appellant did not during the trial of the case and at the conclusion of the evidence invoke a ruling by the court as to the sufficiency of the evidence to support or require a judgment in its favor. The situation is substantially the same as though a case at law were submitted to a jury without a motion for a directed verdict in favor of the plaintiff; the determination of controverted facts being left in one case to the judge by stipulation and in the other to the jury as triers of the fact. In either case the judgment of the court upon the legal sufficiency of the evidence must be invoked by proper motion to authorize an appellate court to consider that question. We cite the following decisions by this court upon that proposition: Dunsmuir v. Scott, 217 F. 200; Callan v. U. S. Spruce Production Corp., 28 F.(2d) 770; Newlands v. Calaveras Min. & Mill. Co., 28 F.(2d) 89; Sierra Ld. & Live Stk. Co. v. Desert P. & M. Co., 229 F. 982; Feather River Lbr. Co. v. United States, 30 F.(2d) 642. Appellant seeks to avoid the force of these decisions by the exceptions taken to the denial of the motions made after the judgment was entered. Its claim, in substance, is that, inasmuch as the motions were made after judgment was rendered but during the same term of court, upon its exceptions to the rulings of the trial court refusing to reconsider the matter or grant the motion, we can review the sufficiency of the evidence to sustain the judgment in the same manner and with like effect as if a motion for a judgment upon that ground had been interposed, denied, and exception noted before the rendition of the judgment. This contention seems to find support in two decisions of the Circuit Court of Appeals of the Eighth Circuit. Commonwealth Casualty Co. v. Aichner, 18 F.(2d) 879; McCandless v. Haskins, 28 F. (2d) 693. In both of these cases the evidence was reviewed, and in the first case [18 F.(2d) 879] the judgment was reversed on the ground that the evidence was insufficient to support the judgment, and in the latter [28 F.(2d) 693] the judgment of the lower court was affirmed after consideration of the evidence. These cases are not only in conflict with the above-cited decisions of this court, but also, we think, with other decisions of that court. Wear v. Imperial Window Glass Co., 224 F. 60; United States v. A., T. & S. F. Ry. Co., 270 F. 1; Southern Surety Co. v. United States, 23 F.(2d) 55.

The decision in Commonwealth Casualty Co. v. Aichner, supra, is based upon the decision of the Supreme Court in So. Utah Mines v. Beaver County, 262 U. S. 325, 43 S. Ct. 577, 578, 67 L. Ed. 1004, which dealt with a situation where the case was tried by the court without a jury and no exception was taken and no request was made for special findings or for a declaration of law during the progress of the trial. The trial court gave its decision and general finding orally and directed judgment for the defendant which was duly entered. Nearly three months later, on motion of the plaintiff, and against defendant's objection, the court made and filed special findings of fact. The defendant, before the Supreme Court challenged the power of the court to make these special findings, insisted that they should be disregarded, in which event nothing substantial should be left for review. After stating the fact that the special findings were made at the same term, the court states:

"The rule is that during the term the record is 'in the breast of the court' and may be altered during that time in its discretion as justice may require. Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040; Ayres v. Wiswall, 112 U. S. 187, 190, 5 S. Ct. 90, 28 L. Ed. 693; Doss v. Tyack, 14 How. 297, 312, 14 L. Ed. 428; Barrell v. Tilton, 119 U. S. 637, 643, 7 S. Ct. 332, 30 L. Ed. 511; Bassett v. United States, 9 Wall. 38, 41, 19 L. Ed. 548.

"That rule is applicable here and the motion to dismiss is accordingly denied."

This case, it will be observed, goes no further than to hold that during the term of court in which the judgment was rendered the court, in the exercise of its sound discretion, may make special findings, which when made constitute a part of the judgment roll. The question in the case at bar, however, is an entirely different one; that is, must it do so if so requested? It is fundamental that the exercise of the discretion of the trial court is not subject to review on appeal, so that the ruling of the trial court in denying or granting such a motion made after a judgment cannot be reviewed. Here, as appears from the record, appellant made no motion invoking a ruling by the court, no ruling was made by the court and no exception was reserved by the appellant which raised the question during the trial as to whether or not the evidence was sufficient, as a matter of law, to go to the jury or to be considered by the judge as a trier of the facts. The question here is whether after judgment a motion directed to the discretion of the trial judge and denied by it can be made the basis for reviewing a question of law which was not presented to the trial court during the trial. In other words, can the denial of such a motion so made inject into the record an error in the trial which did not occur during the trial. Thus stated, the question answers itself. The Supreme Court dealt with a somewhat similar question in Fleischmann Construction Co. v. U. S., 270 U. S. 350, 46 S. Ct. 284, 286, 70 L. Ed. 624, decided March 1, 1926. We quote from that opinion as follows:

" * * * in April, 1923, before action had been taken on this report, the parties filed a written stipulation, under section 649 of the Revised Statutes [28 USCA § 773], waiving a jury and agreeing that all the issues might be tried and determined by the court.

"In August, the District Judge handed down an extended written opinion [298 F. 320] in which he considered the entire case as to the facts and law. * * * No special findings of fact had been requested; and none were made.

"On the same day a judgment was entered. * * * The defendants, without having excepted to any of the rulings or conclusions of the court or requested any special findings of fact, sued out, in September, a writ of error from the Circuit Court of Appeals. After this writ had issued, however, the District Judge, in October, granted them a 'bill of exceptions,' which recited that the court had filed its opinion and entered its final judgment on the same day, without notice to the parties; set for the various exceptions then, for the first time, noted by the defendants 'to the rulings, finding of fact and conclusions of law by the court' in the opinion and judgment; and stated that, by reason of the circumstances, these exceptions were 'to be taken as severally made at the time thereof and before the entry of judgment thereon.' And later the District Judge granted them another 'bill of exceptions,' embodying the evidence and the proceedings before the master, and setting forth in the same manner other exceptions to be taken, for like reason, as made before the entry of the judgment.

"The Circuit Court of Appeals disposed of the case in a per curiam opinion [298 F. 330] stating that, while there was a serious question whether there was anything before it because of the want of due exceptions, it preferred to rest the affirmance of the judgment on the merits, as it thought the District Court was clearly right on all the points decided.

"1. The assignment of errors challenges the affirmance of the judgment because of the action of the District Court in overruling the demurrers to the original and amended declaration and petitions; in allowing the amendments to the original declaration and petitions; and in making various other 'holdings' and 'findings' in reference to matters of law and fact. It is clear that none of these questions are open to review except those which arise upon the pleadings. * * *

"And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. Norris v. Jackson, 9 Wall. 125, 128, 19 L. Ed. 608; Miller v. Insurance Co., 12 Wall. 285, 300, 20 L. Ed. 398; Dickinson v. Planters' Bank, supra [16 Wall. 257, 21 L. Ed. 278]; Ins. Co. v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Ins. Co. v. Sea, 21 Wall. 158, 161, 22 L. Ed. 511; Martinton v. Fairbanks, 112 U. S. 670, 673, 5 S. Ct. 321, 28 L. Ed. 862; Boardman v. Toffey, 117 U. S. 271, 272, 6 S. Ct. 734, 29 L. Ed. 898; British Mining Co. v. Baker Mining Co., supra [139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147]; Lehnen v. Dickson, 148 U. S. 71, 73, 13 S. Ct. 481, 37 L. Ed.

222

373; St. Louis v. Telegraph Co., 166 U. S. 388, 390, 17 S. Ct. 608, 41 L. Ed. 1044; Vicksburg Ry. v. Anderson-Tully Co., 256 U. S. 408, 415, 41 S. Ct. 524, 65 L. Ed. 1020; Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 69 L. Ed. 401; Humphreys v. Third National Bank, 75 F. 852, 855, 21 C. C. A. 538; United States v. [Sioux City] Stock Yards Co. [C. C. A.] supra [167 F. 127]. To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. Norris v. Jackson, supra [9 Wall. 129, 19 L. Ed. 608]; Martinton v. Fairbanks, supra [112 U. S. 673, 5 S. Ct. 321, 28 L. Ed. 862]. That is, as was said in Humphreys v. Third National Bank, supra [75 F. 855], 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'

"These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no exceptions to the rulings on matters of law were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals. And the recitals in the subsequent 'bills of exceptions' that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment, are nugatory. A bill of exceptions is not valid as to any matter which was not excepted to at the trial. Walton v. United States, 9 Wheat. 651, 657, 6 L. Ed. 182; Insurance Co. v. Boon, 95 U. S. 117, 127, 24 L. Ed. 395. And it cannot incorporate into the record, nunc pro tunc as of the time when an exception should have been taken, one which in fact was not then taken. Walton v. United States, supra [9 Wheat. 658, 6 L. Ed.

182]; Turner v. Yates, 16 How. 14, 29, 14 L. Ed. 824."

In the case at bar it is clear, we think, that, if we pass upon the questions of the sufficiency of the evidence to justify the judgment, we will be in effect considering an exception which was not in fact taken to a ruling which was not in fact made, upon a question which was not even presented for the consideration of the trial court at the time fixed by law therefor. In view of the quotation of the Supreme Court from Humphreys v. Third National Bank (C. C. A.) 75 F. 852, 855, supra, it should be added that it is well settled that the insufficiency of the entire evidence to support the judgment can be raised by an appropriate motion for a judgment based upon that ground. Societe Nouvelle d'Armement v. Barnaby (C. C. A.) 246 F. 68; Ozark Pipe Line Corp. v. Decker (C. C. A.) 32 F.(2d) 66; Maryland Casualty Co. v. Klickalumber Co. (C. C. A.) 41 F.(2d) 222. In Insurance Co. v. Boon, 95 U. S. 117, 126, 24 L. Ed. 395, the Supreme Court had occasion to consider the right of a Circuit Court at a subsequent term to make findings of fact and conclusions of law to be filed nunc pro tunc as of the previous term. It was held that, where the trial court in the previous term had filed an opinion of the court, and where the finding was but an amendment or correction in form of the finding contained in the opinion and was not of its substance, there is enough to amend by. It is stated that:

"The opinion, which was filed concurrently with the entry of the judgment, contained substantially, almost literally, the same statement of facts, and relied upon it as the foundation of the judgment given. True, that opinion is no part of the record, any more than are a judge's minutes. * * * All that was wanting to make it a sufficient special finding was that it was not entitled 'finding of facts.' The amendment or correction, therefore, contradicts nothing in the record as made at April Term, and it is in strict accordance with the truth. * * *

"It is the case of a correction of the record, not merely an allowance of exceptions never taken, and necessary to have been taken, to bring an interlocutory ruling upon it. We hold now, as we have always holden, that when bills of exceptions are necessary to bring any matter upon record so that it can be reviewed in error, it must appear by the record that the exception was taken at the trial. *A judge cannot afterwards allow one not taken in time. Could he allow it, the rec-*

*ord would be made to speak falsely."* (Italics ours.)

It should perhaps be stated that three of the justices dissented from this view on the ground that the opinion filed at April term was at most a general finding and was in legal effect a denial of special findings instead of an attempt to make them.

It is clear from the foregoing that the question of the sufficiency of the evidence to justify the judgment cannot be reviewed by this court.

Judgment affirmed.